UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANIEL SHUB,
    Plaintiff,
-vs.-

GLOBAL EXECUTIVE SOLUTIONS, LLC,
a Florida limited liability company,
    Defendant.
_____/

**COMPLAINT AND JURY DEMAND**

**NOW COMES THE PLAINTIFF, DANIEL SHUB, THROUGH COUNSEL, CREDIT REPAIR LAWYERS OF AMERICA, BY GARY D. NITZKIN**, and for his Complaint against the Defendants, plead as follows:

**JURISDICTION**

1. This is an action for damages, brought against a debt collector for violating the Fair Debt Collection Practices Act at 15 U.S.C. § 1692 et seq. ("FDCPA"), Michigan Collection Practices Act at M.C.L. § 445.251 et seq. ("MCPA") and the Michigan Occupational Code at M.C.L. § 339.901 et seq. ("MOC").

**VENUE**

2. The transactions and occurrences which give rise to this action occurred in Oakland County, Michigan.

3. Venue is proper in the Eastern District of Michigan.

## PARTIES

4. Plaintiff is a natural person residing in West Bloomfield, Oakland County, Michigan.

5. The Defendant to this lawsuit is Global Executive Solutions, LLC, which is a Florida company that conducts business in Oakland County, Michigan.

## GENERAL ALLEGATIONS

6. Defendant is attempting to collect a consumer type debt with account number 106387 in the amount $531.60 to Krav Maga Great Lakes ("Krav") ("alleged Debt"). Mr. Shub does not owe the alleged Debt as he paid all the fees he owed and cancelled his membership in a timely manner.

7. On November 25, 2016, Mr. Shub and his family signed up for a membership with Krav. Mr. Shub, Mrs. Natalya Shub and their son Platon signed three individual contracts.

8. In December 2016, Mrs. Shub informed Krav that she was pregnant. She was told that Krav did not offer classes for pregnant women.

9. During the months of December 2016 and January 2017, Daniel tried to arrange a meeting with Krav's owners to discuss the issues they were having. Mr. Shub and his family are allergic to the dogs that the Krav owners bring to the facility. Mr. Shub was never informed that the dogs would be present at the facility on a consistent basis. If Mr. Shub knew this he would not have signed up for a membership due to allergies to dogs. After the owners refused to meet with Mr. Shub, Mr. Shub sent a letter explaining the issues his family was having and stated if the issues were not resolved by March 2017, his family would cancel their memberships. Krav was unresponsive so in April 2017, Mr. Shub cancelled his credit card that Krav had on file. Krav withdrew the last payment for the membership fees on March 25, 2017.

10. On or about June 7, 2017, Defendant sent Mr. Shub a letter from Defendant attempting to collect the alleged Debt in the amount of $531.60, which is not the correct amount.

11. On June 14, 2017, Mrs. Shub spoke with Brittany, one of Defendant's representatives, regarding the alleged Debt.

12. On June 20, 2017, Mr. Shub mailed and emailed a letter requesting validation of the alleged Debt. Mrs. Shub called Brittany and verified that the email was received. Further, Brittany stated that the account has been suspended until the dispute and request for validation is resolved.

13. On June 29, 2017, Mrs. Shub called Defendant and was told to call the owners of Krav.

14. On or about July 5, 2017, Defendant sent Mr. Shub a federal tax law notification stating that the alleged Debt could be reported as income for Mr. Shub and may negatively affect him.

15. On July 13, 2017, Mr. Shub received a response to his request for validation from the manager/owner, Dori Berean. The response letter wasn't dated. In the response, Dori stated that Mr. Shub's allegations are slanderous, Mr. Shub didn't give a cancellation notice and the past due amount that he owes is $1,279.60, which is significantly more than the amount Defendant is attempting to collect. Further, she stated that the account can go to HardCore Collections. Mrs. Shub then called Defendant to discuss the response and asked again when they will receive validation of the alleged Debt. Defendant instructed Mrs. Shub to send another request for validation letter.

16. On July 18, 2017, Mr. Shub sent another letter to Defendant describing in detail what transpired over the past few months and requested validation of the alleged Debt again.

17. On or about July 25, 2017, Mr. Shub received a Notice of Intent letter from Defendant. The letter stated that since Mr. Shub did not dispute the alleged Debt within 30 days, the alleged Debt is valid. Mrs. Shub then called Defendant and one of its representatives said it sends that letter whether the alleged Debt is disputed or not by the consumer.

18. On August 15, 2017, Mrs. Shub emailed Defendant and the owners of Krav the letters it sent regarding Mr. Shub's request for validation of the alleged Debt.

19. On August 21, 2017, Mrs. Shub contacted Defendant and one of its representative told her to contact Krav. Mrs. Shub went to the facility to speak with the manager/owner Dori Berean. Dori was very rude to Mrs. Shub and called the police to escort Mrs. Shub off the premises. This caused Mrs. Shub a great deal of emotional stress and irritation. Mrs. Shub was 38 weeks pregnant at the time and had pregnancy diabetes that was checked on a weekly basis and had remained under control. Her diabetic condition was checked the next day and her doctor determined her condition was out of control and ordered her to report to the hospital the following day to induce labor. Mrs. Shub believed the stress and anxiety of dealing with Defendant contributed to her diabetic condition spiraling out of control.

20. On August 22, 2017, Mrs. Shub sent an email to Brittany explaining what happened the day before at the Krav facility. Mrs. Shub stated that at this point, it would be unlawful to continue collection efforts.

21. On October 20, 2017, Mr. Shub discovered Defendant reporting the alleged Debt in the amount of $1,422.00 on his credit report. Mrs. Shub called Defendant and Brittany stated the owners had told her that the dogs are with them 24/7 and they will be at the facility. Britney further stated that Mr. Shub's account was dropped out of suspension causing it

to be automatically reported to the credit bureaus. Further, she said the balances from all three accounts were placed under Mr. Shub's name even though Natalya Shub signed her own contract and is not a minor. Britney further stated that Krav had not sent Defendant the contracts at issue until October of 2017. Finally, Brittany said she will advise Krav to stop the collection procedures.

22. As a result of the effect on Mrs. Shub and their prematurely born infant child, Mr. Shub has suffered emotional and pecuniary damages as a result of Defendant's actions.

## COUNT I – VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

23. Plaintiff reincorporates the preceding allegations by reference.
24. At all relevant times Defendant, in the ordinary course of its business, regularly engaged in the practice of collecting debts on behalf of other individuals or entities.
25. Mr. Shub is a "consumer" for purposes of the FDCPA and the account at issue in this case is a consumer debt.
26. Defendant is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6).
27. Defendant's foregoing acts in attempting to collect this alleged debt violated the following provisions of the FDCPA:
    a. 15 U.S.C. §1692e(2)(A) by mispresenting the character, amount or legal status of any debt. Defendant violated this provision by misrepresenting the amount of the alleged Debt.

b.  15 U.S.C. §1692g(b) by continuing collection efforts without validating a debt after being notified that the consumer disputed the debt.

c.  15 U.S.C. §1692f(1) by collecting any amount not permitted by law. Defendant violated this provision of the FDCPA by collecting an amount no owed by the Plaintiff.

28. Mr. Shub has suffered economic, emotional, general and statutory damages as a result of these violations of the FDCPA.

**WHEREFORE, PLAINTIFF PRAYS THAT THIS COURT** grant him damages plus costs, interest and attorneys' fees as provided by the Fair Debt Collection Practices Act.

## COUNT II - VIOLATION OF THE MICHIGAN OCCUPATIONAL CODE

29. Plaintiff incorporates the preceding allegations by reference.

30. Defendant is a "collection agency" as that term is defined in the Michigan Occupational Code ("MOC"), M.C.L. § 339.901(b).

31. Mr. Shub is a debtor as that term is defined in M.C.L. § 339.901(f).

32. Defendant's foregoing acts in attempting to collect this alleged debt violated the following provisions of the MOC:

a.  MCL §339.915(f)(ii) by misrepresenting the legal rights of the debtor. Defendant violated this provision by continuing collection efforts without validating the alleged Debt.

b.  MCL §339.915(q) by failing to implement a procedure designed to prevent a violation by an employee.

33. Mr. Shub has suffered damages as a result of these violations of the Michigan Occupational Code.

34. These violations of the Michigan Occupational Code were willful.

**WHEREFORE, PLAINTIFF PRAYS THAT THIS COURT** grant him damages plus costs, interest and attorneys' fees as provided by the Michigan Occupational Code.

## COUNT III - VIOLATION OF THE MICHIGAN COLLECTION PRACTICES ACT

35. Plaintiff incorporates the preceding allegations by reference.

36. Defendant is a "Regulated Person" as that term is defined in the Michigan Collection Practices Act ("MCPA"), at MCL § 445.251.

37. Mr. Shub is a "Consumer" as that term is defined at MCL § 445.251.

38. Defendant's foregoing acts in attempting to collect this debt violated the following provisions of the MCPA:

    a. MCL §445.252(f)(ii) by misrepresenting the legal rights of the debtor. Defendant violated this provision by continuing collection efforts without validating the alleged Debt.

    b. MCL §445.252(q) by failing to implement a procedure designed to prevent a violation by an employee.

39. Mr. Shub has suffered damages as a result of these violations of the MCPA.

40. These violations of the MCPA were willful.

**WHEREFORE, PLAINTIFF PRAYS THAT THIS COURT** grant him damages plus costs, interest and attorneys' fees as provided by the Michigan Collection Practices Act.

### JURY DEMAND

Plaintiff hereby demands a trial by Jury.

Respectfully submitted.

November 30, 2017

/s/ Gary Nitzkin
GARY D. NITZKIN (P41155)
CARL SCHWARTZ P70335
MARK MINTON P66503
CREDIT REPAIR LAWYERS OF AMERICA
Attorneys for Plaintiff
22142 West Nine Mile Road
Southfield, MI 48033
(248) 353-2882
Fax (248) 353-4840
Email – gary@crlam.com